SECRET

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

2024 DEC 11 P 3:54

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YUANTONG LIANG a/k/a TONY LIANG and YONGLIANG DENG a/k/a DAVID DENG | No. 1:24-cr- 00140-SDN |

# INDICTMENT

The Grand Jury charges:

General Allegations

1. Defendant, YUANTONG LIANG a/k/a TONY LIANG ("DEFENDANT LIANG"), at all relevant times lived and worked in Staten Island and Brooklyn, New York. DEFENDANT LIANG is the owner and operator of several businesses in the New York City area.

2. Defendant, YONGLIANG DENG a/k/a DAVID DENG ("DEFENDANT DENG"), was at all relevant times a resident of Queens, New York.

3. COCONSPIRATOR A was at all relevant times a resident of Queens, New York.

4. COCONSPIRATOR B was at all relevant times a resident of Staten Island, New York.

5. MAINE BANK 1 is a financial institution with locations throughout central and southern Maine. MAINE BANK 1's accounts are insured by the Federal Deposit Insurance Corporation.

6. MAINE BANK 2 is a financial institution with locations throughout central and southern Maine. MAINE BANK 2's accounts are insured by the Federal Deposit

Insurance Corporation.

7. COCONSPIRATOR A became the owner of record of a property in Bucksport, Maine (the "Bucksport Property") in about December 2020. The Bucksport Property was purchased with approximately $147,000 in residential mortgage loan financing provided by MAINE BANK 1. At all relevant times, MAINE BANK 1 was the holder of the residential mortgage granted in the name of COCONSPIRATOR A, with rights in the Bucksport Property under a security instrument and promissory note.

8. DEFENDANT DENG became the owner of record of a property in Eddington, Maine (the "Eddington Property") in about January 2021. The Eddington Property was purchased with approximately $171,200 in residential mortgage loan financing provided by MAINE BANK 1. At all relevant times, MAINE BANK 1 was the holder of the residential mortgage granted in the name of DEFENDANT DENG, with rights in the Eddington Property under a security instrument and promissory note.

9. COCONSPIRATOR B became the owner of record of a property in Canaan, Maine (the "Canaan Property") in about November 2021. The Canaan Property was purchased with approximately $224,000 in residential mortgage loan financing provided by MAINE BANK 2. At all relevant times, MAINE BANK 2 was the holder of the residential mortgage granted in the name of COCONSPIRATOR B, with rights in the Canaan Property under a security instrument and promissory note.

<u>Overview of the Bank Fraud Conspiracy</u>

10. Beginning in about October 2020 and continuing through about February 2022, DEFENDANT LIANG and DEFENDANT DENG, and others known and unknown, to include COCONSPIRATOR A and COCONSPIRATOR B, conspired to execute and executed a scheme to defraud MAINE BANK 1 and MAINE BANK 2 and to obtain

mortgage loan financing from MAINE BANK 1 and MAINE BANK 2 based on false and fraudulent pretenses, representations, and promises, including that coconspirators were the actual applicants and borrowers who intended to occupy and use the Bucksport Property, the Eddington Property, and the Canaan Property as their residences. The coconspirators were instead undisclosed nominees of DEFENDANT LIANG, who was in fact the actual applicant, borrower, and beneficial owner.

11. The conspiracy resulted in MAINE BANK 1 and MAINE BANK 2 disbursing a total amount of approximately $542,200 in fraudulently obtained residential mortgage loan proceeds, which funds were used to purchase the Bucksport Property, the Eddington Property, and the Canaan Property for investment purposes, namely, the illegal cultivation and manufacture of marijuana.

12. In furtherance of the conspiracy, DEFENDANT LIANG also caused a fraudulent mortgage loan application to be submitted to MAINE BANK 1 seeking approximately $239,600 in additional mortgage loan proceeds. The application was unsuccessful, and was denied by MAINE BANK 1.

13. In exchange for DEFENDANT LIANG putting the properties in their names as his undisclosed nominees, it was agreed by and between DEFENDANT LIANG and DEFENDANT DENG, COCONSPIRATOR A, and COCONSPIRATOR B, as well as by others known and unknown, that DEFENDANT LIANG would pay the coconspirators money each month for their participation in the scheme and for continuing to nominally hold the properties as owners.

Object and Purposes

14. The object of the conspiracy was to commit bank fraud by obtaining residential mortgage loans from financial institutions, including MAINE BANK 1 and

MAINE BANK 2, for properties which were instead acquired as non-residential investments. The purposes of the conspiracy included to enrich DEFENDANT LIANG and DEFENDANT DENG, as well as COCONSPIRATOR A and COCONSPIRATOR B, while at the same time concealing the scheme and DEFENDANT LIANG's actual ownership interests from MAINE BANK 1 and MAINE BANK 2, law enforcement authorities, and others. The purposes of the conspiracy further included using the fraudulently obtained residential mortgage loan proceeds to purchase the Bucksport Property, the Eddington Property, and the Canaan Property, which were used and intended to be used for the illegal cultivation and manufacture of marijuana.

Manner and Means

15. Among the manner and means by which DEFENDANT LIANG and DEFENDANT DENG, and others known and unknown, carried out the conspiracy and the scheme to defraud were the following:

a. Transferring funds into and using the financial accounts of COCONSPIRATOR A, DEFENDANT DENG, and COCONSPIRATOR B to purchase the Bucksport Property, the Eddington Property, and the Canaan Property, respectively.

b. Falsely misrepresenting and holding out COCONSPIRATOR A, DEFENDANT DENG, and COCONSPIRATOR B, rather than DEFENDANT LIANG, as the actual applicants, borrowers, and beneficial owners of the Bucksport Property, the Eddington Property, and the Canaan Property, respectively.

c. Providing materially false and misleading information to MAINE BANK 1 and MAINE BANK 2 throughout the residential mortgage loan application

process.

d. Concealing DEFENDANT LIANG's role in the scheme by falsely misrepresenting and holding out COCONSPIRATOR A, DEFENDANT DENG, and COCONSPIRATOR B as the actual applicants, borrowers, and beneficial owners of the Bucksport Property, the Eddington Property, and the Canaan Property, respectively.

e. Obtaining homeowners insurance on the Bucksport Property under the false pretense that such property would be occupied as a primary residence by COCONSPIRATOR A.

f. Using MAINE BANK 1 and MAINE BANK 2 checking accounts opened on the basis of false pretenses in the names of COCONSPIRATOR A, DEFENDANT DENG, and COCONSPIRATOR B, to pay the respective mortgages and expenses for the Bucksport Property, the Eddington Property, and the Canaan Property.

<u>Acts in Furtherance of the Bank Fraud Conspiracy</u>

16. With respect to the Bucksport Property, DEFENDANT LIANG, COCONSPIRATOR A, and others known and unknown committed and caused to be committed the following acts, among others, in furtherance of the conspiracy and scheme to defraud MAINE BANK 1:

a. In about September or October 2020, COCONSPIRATOR A provided DEFENDANT LIANG with COCONSPIRATOR A's personal information and government-issued identification documentation, which DEFENDANT LIANG used throughout the loan application process.

b. On about October 15 and 16, 2020, DEFENDANT LIANG arranged for

COCONSPIRATOR A to receive deposits totaling approximately $55,000 into COCONSPIRATOR A's personal checking account, including a $5,000 check from DEFENDANT LIANG and an additional $5,000 funds transfer from DEFENDANT LIANG's spouse. All such funds were provided by DEFENDANT LIANG to COCONSPIRATOR A for COCONSPIRATOR A to use for the downpayment and closing costs to purchase the Bucksport Property.

c. From about October 2020 through about December 2020, DEFENDANT LIANG, acting as and in the name of COCONSPIRATOR A, applied to MAINE BANK 1 for a $147,000 residential mortgage loan to purchase the Bucksport Property, misrepresenting that COCONSPIRATOR A was the actual borrower and that COCONSPIRATOR A would occupy and use the property as his principal residence.

d. Throughout the loan application process, DEFENDANT LIANG, acting as and in the name of COCONSPIRATOR A, emailed and DocuSigned materially false information to MAINE BANK 1, including misrepresenting that the Bucksport Property would be occupied by COCONSPIRATOR A as a primary residence.

e. In about November or December 2020, DEFENDANT LIANG arranged for a homeowners insurance policy to be issued on the Bucksport Property in COCONSPIRATOR A's name under the false pretense that such property would be occupied as a primary residence by COCONSPIRATOR A.

f. On about December 10, 2020, COCONSPIRATOR A made available to

DEFENDANT LIANG the $55,000, which funds DEFENDANT LIANG used for the downpayment to close on and purchase the Bucksport Property in COCONSPIRATOR A's name on about December 10, 2020.

g. In connection with the closing, on about December 10, 2020, DEFENDANTY LIANG falsely signed and executed a MAINE BANK 1 promissory note and mortgage in the name of COCONSPIRATOR A, purporting to grant a mortgage under a security instrument to MAINE BANK 1 for the Bucksport Property from COCONSPIRATOR A, in which DEFENDANT LIANG falsely promised and agreed that COCONSPIRATOR A was the borrower, and further falsely promised and agreed that COCONSPIRATOR A would occupy and use the property as his primary residence. As a result, approximately $147,000 in residential mortgage loan financing was provided by MAINE BANK 1 for the purchase of the Bucksport Property.

h. On about November 23, 2020, DEFENDANT LIANG opened a personal checking account at MAINE BANK 1 in COCONSPIRATOR A's name, which DEFENDANT LIANG thereafter controlled and used to make biweekly fixed loan payments on the residential mortgage loan and to pay other property-related expenses.

i. On about February 2, 2022, a severe house fire destroyed the Bucksport Property. On about February 9, 2022, COCONSPIRATOR A travelled to Maine to meet with a Fire Marshal Senior Investigator. During conversations with the Fire Marshal Senior Investigator, at DEFENDANT LIANG's inducement, COCONSPIRATOR A made statements attempting

to conceal DEFENDANT LIANG's role in the scheme.

17. With respect to the Eddington Property, DEFENDANT LIANG, DEFENDANT DENG, and others known and unknown committed and caused to be committed the following acts, among others, in furtherance of the conspiracy and scheme to defraud MAINE BANK 1:

a. In about November or December 2020, DEFENDANT DENG provided DEFENDANT LIANG with DEFENDANT DENG's personal information and government-issued identification documentation, which DEFENDANT LIANG used throughout the loan application process.

b. On about November 18, 2020, DEFENDANT DENG wrote a $1,000 earnest money check from his personal checking account for the Eddington Property.

c. From about November 2020 through about December 2020, DEFENDANT LIANG, acting as and in the name of DEFENDANT DENG, applied to MAINE BANK 1 for a $171,200 residential mortgage loan to purchase the Eddington Property, misrepresenting that DEFENDANT DENG was the actual borrower and that DEFENDANT DENG would occupy and use the property as his principal residence.

d. On about December 23, 2020, DEFENDANT DENG deposited a $20,250 cashier's check from a third-party into his personal checking account. On about December 28, 2020, DEFENDANT DENG deposited a $25,000 cashier's check from a third-party into his personal checking account. Prior to such deposits, the balance of DEFENDANT DENG's personal checking account had been approximately $1,098.

e. On about December 29, 2020, DEFENDANT DENG remitted a $44,699.11 bank check from his personal checking account payable to MAINE BANK 1 for the downpayment and closing costs to purchase the Eddington Property.

f. In connection with the closing, on about January 4, 2021, DEFENDANT DENG granted a mortgage under a security instrument to MAINE BANK 1 for the Eddington Property, in which he falsely promised and agreed that he was the borrower, and further falsely promised and agreed to occupy and use the property as his primary residence. As a result, approximately $171,200 in residential mortgage loan financing was provided by MAINE BANK 1 for the purchase of the Eddington Property.

g. On about December 21, 2020, DEFENDANT LIANG opened a personal checking account at MAINE BANK 1 in DEFENDANT DENG's name, which DEFENDANT LIANG thereafter controlled and used to make biweekly fixed loan payments on the residential mortgage loan and to pay other property-related expenses.

18. With respect to the Canaan Property, DEFENDANT LIANG, COCONSPIRATOR B, and others known and unknown committed and caused to be committed the following acts, among others, in furtherance of the conspiracy and scheme to defraud MAINE BANK 1 and MAINE BANK 2:

a. In about September 2021, COCONSPIRATOR B provided DEFENDANT LIANG with COCONSPIRATOR B's personal information and government-issued identification documentation, which DEFENDANT LIANG used throughout the loan application process.

b. Between about September 17, 2021 and about September 22, 2021, DEFENDANT LIANG, acting as and in the name of COCONSPIRATOR B, applied to MAINE BANK 1 for a $239,600 mortgage loan to purchase the Canaan Property as an investment, misrepresenting that COCONSPIRATOR B would be the actual borrower and that COCONSPIRATOR B had employment at an automobile sales company.

c. Throughout the loan application process to MAINE BANK 1, DEFENDANT LIANG, acting as and in the name of COCONSPIRATOR B, emailed and DocuSigned materially false information to MAINE BANK 1, including misrepresenting that COCONSPIRATOR B had employment at an automobile sales company. MAINE BANK 1 denied the loan application.

d. On about September 16, October 1, and October 16, 2021, DEFENDANT LIANG provided COCONSPIRATOR B with three separate checks for $5,434.59 from an automobile sales company, each with the memo "payroll." COCONSPIRATOR B did not work at the automobile sales company, and did not earn payroll from the automobile sales company. COCONSPIRATOR B deposited the three checks into his personal checking account. On about October 11, 2021, DEFENDANT LIANG wrote COCONSPIRATOR B an $18,000 check, which COCONSPIRATOR B deposited in his personal checking account. All such funds were provided by DEFENDANT LIANG to COCONSPIRATOR B for COCONSPIRATOR B to use for the downpayment and closing costs to purchase the Canaan Property.

e. From about mid-October 2021 through about early November 2021, DEFENDANT LIANG, acting as and in the name of COCONSPIRATOR B, applied to MAINE BANK 2 for a $224,000 residential mortgage loan to purchase the Canaan Property, misrepresenting that COCONSPIRATOR B was the actual borrower and that COCONSPIRATOR B would occupy and use the property as a second home.

f. DEFENDANT LIANG provided MAINE BANK 2 with copies of COCONSPIRATOR B's false "payroll" checks from the automobile sales company as proof of income used to underwrite the second home loan. DEFENDANT LIANG further provided to MAINE BANK 2 a copy of the $18,000 check DEFENDANT LIANG wrote to COCONSPIRATOR B as proof of funds for the downpayment on the Canaan Property, falsely indicating in a related submission made to MAINE BANK 2 that the funds were a gift and that DEFENDANT LIANG was COCONSPIRATOR B's cousin.

g. On about November 2, 2021, COCONSPIRATOR B withdrew the funds provided by DEFENDANT LIANG and transferred the same to the closing agent as the downpayment for the Canaan Property.

h. Throughout the loan application process to MAINE BANK 2, DEFENDANT LIANG, acting as and in the name of COCONSPIRATOR B, emailed and DocuSigned materially false information to MAINE BANK 2, including misrepresenting that the Canaan Property would be occupied by COCONSPIRATOR B as a second home and that COCONSPIRATOR B had employment at an automobile sales company.

i. On about November 3, 2021, COCONSPIRATOR B signed and submitted the final loan application to MAINE BANK 2, seeking mortgage loan financing to purchase the Canaan Property. In the loan application, COCONSPIRATOR B falsely agreed, acknowledged, and represented having income and employment through the auto sales company, and that the purpose of the loan sought was for the occupancy of the property as his second home.

j. In connection with the closing, on about November 3, 2021, COCONSPIRATOR B granted a mortgage under a security instrument to MAINE BANK 2 for the Canaan Property, in which he falsely promised and agreed that he was the borrower, and further falsely promised and agreed to occupy and use the property as his second home. As a result, approximately $224,000 in residential mortgage loan financing was provided by MAINE BANK 2 for the purchase of the Canaan Property.

k. On about November 2, 2021, DEFENDANT LIANG opened a personal checking account at MAINE BANK 2 in COCONSPIRATOR B's name, which DEFENDANT LIANG thereafter controlled and used to make biweekly fixed loan payments on the residential mortgage loan and to pay other property-related expenses.

**COUNT ONE**
Bank Fraud Conspiracy
(18 U.S.C. § 1349)

19. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20. From on about October 2020 and continuing through at least about February 2022, in the District of Maine and elsewhere, the defendants,

YUANTONG LIANG a/k/a TONY LIANG, and
YONGLIANG DENG a/k/a DAVID DENG,

conspired with each other and with others known and unknown to commit bank fraud, that is, to knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, namely, MAINE BANK 1 and MAINE BANK 2, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of MAINE BANK 1 and MAINE BANK 2, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

21. Thus, the defendants violated Title 18, United States Code, Section 1349.

**COUNT TWO**
Making a False Statement and Report
(18 U.S.C. § 1014)

22. Paragraphs 1 through 21 are incorporated by reference as if fully set forth herein.

23. On about October 16, 2020, in the District of Maine and elsewhere, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

knowingly made a false statement or report for the purpose of influencing the action of

MAINE BANK 1, an institution the accounts of which were and are insured by the Federal Deposit Insurance Corporation, in connection with an application, purchase, purchase agreement, commitment, and loan. Specifically, the defendant electronically signed and submitted a borrower's certification and authorization to MAINE BANK 1 in connection with seeking residential mortgage loan financing to purchase the Bucksport Property. The borrower's certification and authorization certified that COCONSPIRATOR A had completed a loan application for the Bucksport Property containing true and correct information and that no misrepresentations were made. In fact, as the defendant well knew, the defendant completed, signed, and submitted both the loan application and the borrower's certification and authorization while posing as COCONSPIRATOR A; in the loan application, falsely agreed, acknowledged, and represented that COCONSPIRATOR A was the actual applicant and borrower who intended to occupy and use the Bucksport Property as COCONSPIRATOR A's principal residence; and in the borrower's certification and authorization, falsely certified the truth and completeness of the loan application.

24. Thus, the defendant violated Title 18, United States Code, Section 1014.

**COUNT THREE**
Bank Fraud
(18 U.S.C. § 1344)

25. Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26. On about December 10, 2020, in the District of Maine and elsewhere, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

knowingly executed and attempted to execute a scheme and artifice to defraud MAINE

BANK 1, a financial institution, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of MAINE BANK 1, by means of materially false and fraudulent pretenses, representations, and promises. Specifically, in order to falsely induce MAINE BANK 1 to issue approximately $147,000 in residential mortgage loan financing, the defendant granted a mortgage to MAINE BANK 1 in the Bucksport Property under a security instrument and promissory note wherein the defendant forged COCONSPIRATOR A's name and misrepresented that COCONSPIRATOR A was the actual applicant and borrower who intended to occupy and use the Bucksport Property as COCONSPIRATOR A's principal residence. COCONSPIRATOR A was instead an undisclosed nominee of the defendant, who was in fact the actual applicant, borrower, and beneficial owner of the Bucksport Property.

27. Thus, the defendant violated Title 18, United States Code, Section 1344.

**COUNT FOUR**
Making a False Statement and Report
(18 U.S.C. § 1014)

28. Paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29. On about December 2, 2020, in the District of Maine and elsewhere, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

knowingly made a false statement or report for the purpose of influencing the action of MAINE BANK 1, an institution the accounts of which were and are insured by the Federal Deposit Insurance Corporation, in connection with an application, purchase, purchase agreement, commitment, and loan. Specifically, the defendant electronically signed and submitted a borrower's certification and authorization to MAINE BANK 1 in

connection with seeking residential mortgage loan financing to purchase the Eddington Property. The borrower's certification and authorization certified that DEFENDANT DENG had completed a loan application for the Eddington Property containing true and correct information and that no misrepresentations were made. In fact, as the defendant well knew, the defendant completed, signed, and submitted both the loan application and the borrower's certification and authorization while posing as DEFENDANT DENG; in the loan application, falsely agreed, acknowledged, and represented that DEFENDANT DENG was the actual applicant and borrower who intended to occupy and use the Eddington Property as DEFENDANT DENG's principal residence; and in the borrower's certification and authorization, falsely certified the truth and completeness of the loan application.

30. Thus, the defendant violated Title 18, United States Code, Section 1014.

**COUNT FIVE**
Bank Fraud
(18 U.S.C. § 1344)

31. Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

32. On about January 4, 2021, in the District of Maine and elsewhere, the defendant,

YONGLIANG DENG a/k/a DAVID DENG,

knowingly executed and attempted to execute a scheme and artifice to defraud MAINE BANK 1, a financial institution, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of MAINE BANK 1, by means of materially false and fraudulent pretenses, representations, and promises. Specifically, in order to falsely induce MAINE BANK 1 to issue approximately $171,200

in residential mortgage loan financing, the defendant granted a mortgage to MAINE BANK 1 in the Eddington Property under a security instrument and promissory note wherein the defendant misrepresented that he was the actual applicant and borrower who intended to occupy and use the Eddington Property as his principal residence. The defendant was instead an undisclosed nominee of DEFENDANT LIANG, who was in fact the actual applicant, borrower, and beneficial owner of the Eddington Property.

33. Thus, the defendant violated Title 18, United States Code, Section 1344.

**COUNT SIX**
Making a False Statement and Report
(18 U.S.C. § 1014)

34. Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

35. On about April 23, 2021, in the District of Maine and elsewhere, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

knowingly made a false statement or report for the purpose of influencing the action of MAINE BANK 1, an institution the accounts of which were and are insured by the Federal Deposit Insurance Corporation, in connection with an application, purchase, purchase agreement, commitment, and loan. Specifically, the defendant electronically signed and submitted a uniform residential loan application to MAINE BANK 1 in connection with seeking residential mortgage loan financing to purchase a property located in Solon, Maine. The uniform residential loan application falsely represented, agreed, and acknowledged that an employee of the defendant had completed the application by including true and correct information, including that the employee intended to occupy the property as his primary residence. In fact, as the defendant well

knew, the defendant completed, signed, and submitted the loan application while posing as the employee, and in the loan application, falsely agreed, acknowledged, and represented that the employee was the actual applicant and borrower who intended to occupy and use the property as the employee's principal residence.

36. Thus, the defendant violated Title 18, United States Code, Section 1014.

**COUNT SEVEN**
Making a False Statement and Report
(18 U.S.C. § 1014)

37. Paragraphs 1 through 36 are incorporated by reference as if fully set forth herein.

38. On about September 22, 2021, in the District of Maine and elsewhere, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

knowingly made a false statement or report for the purpose of influencing the action of MAINE BANK 1, an institution the accounts of which were and are insured by the Federal Deposit Insurance Corporation, in connection with an application, purchase, purchase agreement, commitment, and loan. Specifically, the defendant electronically signed and submitted a borrower's certification and authorization to MAINE BANK 1 in connection with seeking residential mortgage loan financing to purchase the Canaan Property. The borrower's certification and authorization certified that COCONSPIRATOR B had completed a loan application for the Canaan Property containing true and correct information and that no misrepresentations were made. In fact, as the defendant well knew, the defendant completed, signed, and submitted both the loan application and the borrower's certification and authorization while posing as COCONSPIRATOR B; in the loan application, falsely agreed, acknowledged, and

represented that COCONSPIRATOR B was the actual applicant and borrower who was employed at an automobile sales company; and in the borrower's certification and authorization, falsely certified the truth and completeness of the loan application.

39. Thus, the defendant violated Title 18, United States Code, Section 1014.

**COUNT EIGHT**
Making a False Statement and Report
(18 U.S.C. § 1014)

40. Paragraphs 1 through 39 are incorporated by reference as if fully set forth herein.

41. On about October 7, 2021, in the District of Maine and elsewhere, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

knowingly made a false statement or report for the purpose of influencing the action of MAINE BANK 2, an institution the accounts of which were and are insured by the Federal Deposit Insurance Corporation, in connection with an application, purchase, purchase agreement, commitment, and loan. Specifically, the defendant electronically signed and submitted a borrower's certification and authorization to MAINE BANK 2 in connection with seeking residential mortgage loan financing to purchase the Canaan Property. The borrower's certification and authorization certified that COCONSPIRATOR B had completed a loan application for the Canaan Property containing true and correct information and that no misrepresentations were made. In fact, as the defendant well knew, the defendant completed, signed, and submitted both the loan application and the borrower's certification and authorization while posing as COCONSPIRATOR B; in the loan application, falsely agreed, acknowledged, and represented that COCONSPIRATOR B was the actual applicant and borrower who

intended to occupy and use the Canaan Property as COCONSPIRATOR B's second home and was employed at an automobile sales company; and in the borrower's certification and authorization, falsely certified the truth and completeness of the loan application.

42. Thus, the defendant violated Title 18, United States Code, Section 1014.

**COUNT NINE**
Bank Fraud
(18 U.S.C. §§ 1344 & 2)

43. Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

44. On about November 3, 2021, in the District of Maine and elsewhere, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

willfully caused to be executed and attempted to be executed a scheme and artifice to defraud MAINE BANK 2, a financial institution, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of MAINE BANK 2, by means of materially false and fraudulent pretenses, representations, and promises. Specifically, in order to falsely induce MAINE BANK 2 to issue approximately $224,000 in residential mortgage loan financing, the defendant aided, abetted, counseled, commanded, induced and procured COCONSPIRATOR B to grant a mortgage to MAINE BANK 2 in the Canaan Property under a security instrument and promissory note wherein COCONSPIRATOR B misrepresented that COCONSPIRATOR A was the actual applicant and borrower who intended to occupy and use the Canaan Property as COCONSPIRATOR B's second home. COCONSPIRATOR B was instead an undisclosed nominee of the defendant, who was in fact the actual applicant, borrower, and beneficial owner of the Canaan Property.

45. Thus, the defendant violated Title 18, United States Code, Sections 1344 and 2.

**COUNT TEN**
Money Laundering Promotion
(18 U.S.C. § 1956(a)(1)(A)(i))

46. Paragraphs 1 through 45 are incorporated by reference as if fully set forth herein.

47. In about October 2021, in the District of Maine and elsewhere, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, namely, by on about October 11, 2021, issuing an $18,000 check payable to COCONSPIRATOR B from the defendant's personal checking account at a financial institution in New York and, on about October 19, 2021, providing a copy of the check and related documentation to MAINE BANK 2 indicating that such funds were provided to COCONSPIRATOR B as a gift to enable COCONSPIRATOR B to purchase the Canaan Property. The New York financial institution used by the defendant in connection with the financial transaction was engaged in activities affecting interstate and foreign commerce.

48. The defendant knew that the $18,000 check involved in the financial transaction represented the proceeds of some form of unlawful activity, namely, wire fraud in violation of Title 18, United States Code, Section 1343, with such unlawful activity detailed as follows:

a. Such proceeds were obtained by the defendant through a scheme he knowingly devised and intended to devise to defraud the U.S. Small

Business Administration ("SBA") by seeking the disbursement of Economic Injury Disaster Loan ("EIDL") funding for his own fraudulent enrichment, and to obtain such money and property by means of materially false and fraudulent pretenses, representations and promises, and to thereafter misspend and misappropriate such funds.

b. In response to the coronavirus ("COVID-19") pandemic and economic crisis, Congress passed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. The provisions of the CARES Act allowed for the SBA to offer EIDL funding directly to business owners negatively affected by the COVID-19 pandemic. EIDLs were an SBA loan product based on gross revenues and cost of goods sold. EIDL proceeds were solely funded by the SBA and were disbursed from government-controlled accounts maintained with the U.S. Treasury.

c. It was part of the defendant's underlying wire fraud scheme that he submitted on-line applications using the SBA's Disaster Loan Assistance website in order to fraudulently obtain federally-funded EIDLs. The defendant made such submissions on the false premise that the funds were needed for and would be used to cover working capital costs that could have been paid had the COVID-19 disaster not occurred.

d. In furtherance of this scheme, the defendant falsely certified and materially misrepresented in SBA EIDL Application Number 3000101429, submitted on about May 6, 2020, constituting an execution of the fraudulent scheme on about that same date, that he was the sole proprietor of a real estate business with a primary business address of 604

Forest Avenue, Staten Island, New York, that he had earned gross revenues of $89,000 from January 2019 through January 2020, and that he had costs of goods sold from January 2019 through January 2020 of $52,000.

e. In furtherance of this scheme, the defendant falsely certified and materially misrepresented in an Amended Loan Authorization and Agreement for SBA Loan Number 9409247907 electronically signed on about August 14, 2021, constituting an execution of the fraudulent scheme on about that same date, that he would use all EIDL proceeds solely as working capital to alleviate economic injury caused by the COVID-19 pandemic.

f. The defendant knew that, in truth, he was not the sole proprietor of a real estate business in Staten Island, and that he did not have the gross revenues and costs of goods represented. The defendant knew that, in truth, he would not use all EIDL proceeds solely as working capital to alleviate economic injury caused by the COVID-19 pandemic, but would instead transfer such funds to other persons, including COCONSPIRATOR B, for uses not permitted by the SBA's EIDL program.

g. The defendant, on about the dates detailed above, transmitted and caused to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud. Specifically, the defendant electronically submitted SBA EIDL Application Number 3000101429 by and through the SBA's on-line application portal, causing the applications to be processed

through servers located in Iowa. Upon being approved, the defendant electronically executed with the SBA an Amended Loan Authorization and Agreement for SBA Loan Number 9409247907 via Internet access provided by an IP address located in New York.

h. The approved funds for SBA Loan Number 9409247907 were disbursed following a process by which SBA personnel located in Colorado created, certified and submitted the payment file to a U.S. Treasury data processing site located in Missouri. An ACH payment file was then transmitted to a Federal Reserve Bank ACH processing site located in New Jersey, from which $52,100 in EIDL funds were ultimately disbursed to the defendant's personal checking account at a financial institution in New York.

49. The defendant conducted and attempted to conduct the financial transaction with the intent to promote the carrying on of specified unlawful activity, namely, the making of a false statement and report in violation of Title 18, United States Code, Section 1014, and bank fraud and conspiracy in violation of Title 18, United States Code, Sections 1344 and 1349, as set forth in Counts One, Eight and Nine. The $18,000 check written by the defendant was endorsed and deposited by COCONSPIRATOR B on about October 25, 2021, into COCONSPIRATOR B's personal checking account at a financial institution in New York. Such proceeds were transferred on about November 2, 2021, to an escrow account in Maine, and thereafter provided as a proof of down payment to fraudulently obtain mortgage loan financing from MAINE BANK 2 and for COCONSPIRATOR B to nominally purchase the property for the defendant.

50. Thus, the defendant violated Title 18, United States Code, Section 1956(a)(1)(A)(i).

**COUNT ELEVEN**
Maintaining a Marijuana-Involved Premises - Bucksport Property
(21 U.S.C. § 856(a)(1))

51. Paragraphs 1 through 50 are incorporated by reference as if fully set forth herein.

52. From on about January 2021 and continuing through at least about February 2022, in the District of Maine, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

unlawfully and knowingly opened and maintained the Bucksport Property for the purpose of manufacturing marijuana, a controlled substance.

53. Thus, the defendant violated Title 21, United States Code, Section 856(a)(1).

**COUNT TWELVE**
Maintaining a Marijuana-Involved Premises - Eddington Property
(21 U.S.C. § 856(a)(1))

54. Paragraphs 1 through 53 are incorporated by reference as if fully set forth herein.

55. From on about January 2021 and continuing through at least about January 2024, in the District of Maine, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

unlawfully and knowingly opened and maintained the Eddington Property for the purpose of manufacturing marijuana, a controlled substance.

56. Thus, the defendant violated Title 21, United States Code, Section 856(a)(1).

**COUNT THIRTEEN**
Maintaining a Marijuana-Involved Premises - Canaan Property
(21 U.S.C. § 856(a)(1))

57. Paragraphs 1 through 56 are incorporated by reference as if fully set forth herein.

58. From on about January 2021 and continuing through at least about January 2024, in the District of Maine, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

unlawfully and knowingly opened and maintained the Canaan Property for the purpose of manufacturing marijuana, a controlled substance.

59. Thus, the defendant violated Title 21, United States Code, Section 856(a)(1).

**COUNT FOURTEEN**
False Statements Made to Federal Law Enforcement Agents
(18 U.S.C. § 1001(a)(2))

60. Paragraphs 1 through 59 are incorporated by reference as if fully set forth herein.

61. On about May 14, 2024, in the Eastern District of New York and material to a federal law enforcement investigation in the District of Maine, the defendant,

YONGLIANG DENG a/k/a DAVID DENG,

willfully and knowingly made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States. On about such date, during an interview conducted by Homeland Security Investigations federal law enforcement officials, the defendant falsely stated that he had made the downpayment on the Eddington Property using money from his own savings account, and that he had submitted the residential

mortgage loan application concerning the Eddington Property to MAINE BANK 1. These statements and representations were false because, as the defendant well knew, he funded the Eddington Property purchase with two cashier's checks totaling $45,250 from third-parties which he received the week before the closing, and it was DEFENDANT LIANG who had submitted the residential mortgage loan application to MAINE BANK 1 concerning the Eddington Property.

62. Thus, the defendant violated Title 18, United States Code, Section 1001(a)(2).

**COUNT FIFTEEN**
False Document Concerning Federal Law Enforcement Investigation
(18 U.S.C. § 1001(a)(3))

63. Paragraphs 1 through 62 are incorporated by reference as if fully set forth herein.

64. On about May 14, 2024, in the Eastern District of New York and material to a federal law enforcement investigation in the District of Maine, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

willfully and knowingly made and used a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States. On about such date, the defendant made a fake rental lease agreement for the Canaan Property purporting to be signed by COCONSPIRATOR B as the "landlord" of the property. The rental lease agreement was false because, as the defendant well knew, COCONSPIRATOR B had never rented the Canaan Property as a landlord, and the Canaan Property had instead been used to illegally cultivate and manufacture marijuana. Prior to COCONSPIRATOR B being interviewed by Homeland Security

Investigations federal law enforcement officials on about May 14, 2024, the defendant provided COCONSPIRATOR B with the fake rental lease agreement, which COCONSPIRATOR B shared with such officials at the defendant's direction.

65. Thus, the defendant violated Title 18, United States Code, Section 1001(a)(3).

## FIRST FORFEITURE NOTICE

66. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1014, 1344 and 1349, as set forth in Counts One through Nine of this Indictment, the defendants,

YUANTONG LIANG a/k/a TONY LIANG, and
YONGLIANG DENG a/k/a DAVID DENG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds the defendants obtained directly or indirectly as the result of the offenses including, but not limited to, a money judgment in the amount of all such proceeds.

67. If any of the property described in Paragraph 66, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendants—

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described herein.

68. All pursuant to 18 U.S.C. § 982.

**SECOND FORFEITURE NOTICE**

69. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. Upon conviction of any of the offense in violation of Title 18, United States Code, Section 1956, as set forth in Count Ten of this Indictment, the defendant,

YUANTONG LIANG a/k/a TONY LIANG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, or any property traceable to such property including, but not limited to, a money judgment in the amount of all such proceeds.

70. If any of the property described in Paragraph 69, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant—

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described herein.

71. All pursuant to 18 U.S.C. § 982.

Dated December 11, 2024, at Bangor, Maine.

A TRUE BILL

Signature Redacted – Original on file with the Clerk's Office

FOREPERSON

ASSISTANT UNITED STATES ATTORNEY